## VILELLA v. VILELLA ET AL.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 739.—Resuelto en abril 8, 1912.

EXCEPCIONES PREVIAS—PARTICIÓN DE HERENCIA—FRAUDE.—El demandante reclama una indemnización de daños y perjuicios sufridos por haber sido alterada una partición de bienes, sustituyendo en la adjudicación de una finca a una persona por otra. Excepcionada la demanda por no aducir una causa de acción, la corte declaró con lugar la excepción. *Se resolvió* en apelación que la excepción previa estaba bien fundada porque la demanda no alega hechos constitutivos de fraude para contrarrestar la presunción de regularidad a favor de las operaciones particionales, que habían sido aprobadas judicialmente, pues el mero hecho de que el nombre de una persona haya sido borrado sustituyéndolo por otro, por sí solo no es demostrativo de fraude.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Alfredo Arnaldo Sevilla y Landrón y Rincón.*

Abogados de los apelados: *Sres. José de Diego y Carlos Franco Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el presente caso los demandados formularon una excepción previa a la demanda enmendada, fundando dicha excepción en los siguientes motivos: 1°. Que la acción había prescrito y 2°., que la demanda no aducía hechos suficientes para determinar una causa de acción. La corte inferior declaró con lugar la excepción por el fundamento aducido en el segundo motivo, siendo de opinión que la acción ejercitada fué de indemnización de daños y perjuicios provenientes de alteraciones e informalidades realizadas en las operaciones testamentarias del caudal relicto por el finado Don Enrique Extremera, habiéndose ocasionado el perjuicio por el hecho de haberse eliminado de dicha partición a Don José Vilella y Pol, subrogado del heredero Don Juan José Extremera, sustituyendo en lugar de aquél a Don Inés Castro, y que en tal caso era evidente que siendo la acción subsidiaria, no podía ejercitarse sin antes obtenerse la nulidad de la partición, puesto que según aparece de la demanda, habiendo sido apro-

bada judicialmente dicha partición, hay que tenerla por firme y valedera mientras no se demuestre lo contrario, y, además, fué de opinión la corte sentenciadora, que confiriendo como confiere la partición a cada heredero la propiedad exclusiva de los bienes, y apareciendo de la demanda que las fincas descritas en ella fueron adjudicadas a Don Inés Castro, aunque falsamente, según alegaron los demandados, en vez de adjudicarse a Don José Vilella y Pol, la corte debía respetar el título particional mientras no se demostrara previamente que era nulo.

El hecho principal que se alegó en la demanda fué que todas las partes interesadas convinieron en adjudicarle a José Vilella y Pol una parte de la finca de Extremera y que los documentos de la partición según quedaron aprobados en definitiva mostraban que el nombre de Vilella había sido eliminado substituyéndole el de Inés Castro. Que los demandantes en esta acción eran menores de edad en la fecha en que tuvo lugar la supuesta operación y vinieron a tener conocimiento de la misma en el año 1908. El pleito se estableció en 1911. Don José Vilella Pol, acreedor y cesionario de los derechos de un heredero de Extremera, falleció en el año 1893 y estos procedimientos testamentarios tuvieron lugar en 1893-1894. Don José Vilella y Pol dió poder en vida a su hermano Pablo Vilella, Pol y lo nombró administrador y tutor de sus menores hijos.

Aunque la demanda expresa que Inés Castro no tenía interés alguno en los bienes de Extremera y que el nombre de José Vilella fué eliminado según convenio entre Pablo Vilella e Inés Castro, sin embargo no se ha alegado que este convenio fuera fraudulento, ni hay tampoco alegación alguna de que la partición según quedó aprobada en definitiva no era una expresión de la voluntad de las partes que la firmaron.

El mero hecho de que aparezca del documento que el nombre de Vilella fué eliminado y el de Inés Castro substituído, no le da el carácter de fraudulento a la partición final que en realidad fué aprobada por la corte. El demandante y ape-

lante alega que su causa de acción surge por virtud del artículo 1068 del Código Civil que dispone lo relativo a indemnizaciones contra los que incurrieron en dolo, negligencia o morosidad en el cumplimiento de sus obligaciones. Sin embargo, mientras no se alegue en debida forma el fraude no hay base para proceder. Habría la presunción de que el administrador procedió correctamente y de que la acción tomada por la corte fué conforme a la ley. Mientras esta presunción no quede contradicha por alguna alegación en la que se expresen hechos sobre la cuestión en litigio, con los que se pruebe la falsedad o fraude del hecho de la partición, la demanda es enteramente defectuosa. Debe demostrarse además en la demanda que no existió entendimiento o convenio entre José Vilella o su apoderado e Inés Castro, fundado en alguna causa que procediera del último al primero. Bajo estas circunstancias se hace innecesario el considerar las diferentes cuestiones que se promovieron con respecto a la prescripción. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.